# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

|  |  |
|---|---|
| BANK OF AMERICA, N.A. | )<br>) |
| Plaintiff, | )<br>) Case No. 2:16-cv-00848-JCM-GWF<br>) |
| vs. | ) **ORDER**<br>) |
| SONRISA HOMEOWNERS ASSOCIATION, *et al.*, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the Court on Defendant SFR Investments Pool 1, LLC's ("SFR") Emergency Motion to Stay (ECF No. 59), filed on September 22, 2016. Plaintiff Bank of America, N.A. ("BANA") filed its Response (ECF No.63) on October 10, 2016. Defendant SFR filed its Reply (ECF No. 65) on October 12, 2016. Also before the Court is Plaintiff BANA's Emergency Motion for a Protective Order from its 30(b)(6) Deposition and Motion for Sanctions (ECF No. 62), filed on October 7, 2016. Defendant SFR filed its Response (ECF No. 67) on October 28, 2016. Plaintiff BANA filed its Reply (ECF No. 68) on November 7, 2016. The Court conducted a hearing in this matter on November 10, 2016.

Defendant SFR requests that the Court impose a stay on the parties' dispositive motion briefing and/or the entire litigation pending issuance of the Ninth Circuit's mandate in *Bourne Valley Court Trust v. Wells Fargo Bank*, 2016 WL 4254983 (9th Cir. Aug. 12, 2016). Plaintiff BANA argues that a stay is not justified because *Bourne Valley* does not affect tender. *See Plaintiff's Opposition*, (ECF No. 63), pg. 3. Defendant filed its Motion for Summary Judgment (ECF No. 58) on September 20, 2016. The Court temporarily stayed the response deadline to Plaintiff BANA's Motion for Summary Judgment pending a ruling on Defendant SFR's Motion to Stay. *See* ECF No.

66.

During the hearing on November 10, 2016, the Court and the parties discussed the advisability of staying this action pending the outcome of the petition for rehearing in *Bourne Valley*. On November 4, 2016, the Ninth Circuit denied the appellee's petition for rehearing or rehearing en banc. *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, United States Court of Appeals for the Ninth Circuit, No. 15-15233, Order (Dkt Entry: 69). On November 17, 2016, the Ninth Circuit also denied appellee's motion to stay mandate pending the filing and disposition of a petition for writ of certiorari to the United States Supreme Court. *Id.*, Order (Dkt Entry 75). Based on these developments, a stay of proceedings based on *Bourne Valley* is no longer necessary. The Court instructs the parties to meet and confer regarding what discovery must take place before Defendant SFR is in a position to file its response to Plaintiff BANA's Motion for Summary Judgment (ECF No. 58). The Court holds the response deadline temporarily in abeyance until the parties submit a stipulation and proposed order regarding the response deadline following its meet and confer efforts.

Defendant SFR noticed the Rule 30(b)(6) deposition of Plaintiff BANA for October 13, 2016. *See Motion for Protective Order*, (ECF No. 62), Exhibit D. Plaintiff BANA requests that the Court issue a protective order to (1) limit their deposition testimony to topics relevant under *Bourne Valley* and *Stone Hollow Avenue Trust v. Bank of Am., Nat'l Ass'n*, No. 64955, 2016 WL 4543202 (Nev. Aug. 11, 2016), (2) allow BANA's witness to testify from Dallas, Texas or by video conference, (3) sanction Defendant SFR, and (4) award Plaintiff BANA its attorney's fees and costs. *See Motion for Protective Order*, (ECF No. 62), pg. 18.

The deposition topics are listed as follows:

**Topic 1:** Your knowledge of the events and circumstances of the proceedings leading up to and including the Association foreclosure sale, including Your knowledge/notice of the foreclosure proceedings (from the Association or otherwise) and all communications about the Association lien/foreclosure/Borrower's delinquency with Your agents, the Borrowers, the Association, NAS, and/or internally.

**Topic 2:** Your standing - currently and at the time of the Association foreclosure sale - to enforce the First Deed of Trust/underlying promissory note and the transaction(s) through which You obtained Your interest in the First Deed of Trust/underlying promissory note.

**Topic 3:** All actions You allege You took before the Association foreclosure sale

|  |  |
|---|---|
|  | to protect Your interest in the Property as it relates to the Association's lien including written agreement(s) with the Borrowers, communications with the Borrowers, communications with the Assocation, NAS and civil/administrative actions challenging the Association's lien. |
| **Topic 4:** | The foreclosure proceedings related to the First Deed of Trust. |
| **Topic 5:** | Your policies and procedures for processing and maintaining documents and communications related to an Association lient/foreclosure received via mail, email, from counsel, or any other means. This topic is limited to policies and procedures that were/are applicable to the Property from origination to the present. |
| **Topic 6:** | Your policies and procedures applicable to the Property for handling association liens from the time the Association recorded its notice of default to the date of the Association foreclosure sale. |
| **Topic 7:** | Your knowledge and understanding of the transaction(s) through which any other entity besides You, currently claims or claimed at the time of the Association foreclosure sale, an interest in the First Deed of Trust/underlying promissory note. |
| **Topic 8:** | Any action(s) You took to notify third parties, including SFR, of any pre-sale dispute(s) between You and the Association and/or NAS. |

## DISCUSSION

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues, and whether the burden and expense of the proposed discovery outweighs its likely benefit. Information within the scope of discovery need not be admissible in evidence to be discoverable." The 2015 amendments to Rule 26(b) encourage trial courts to exercise their broad discretion to limit and tailor discovery to avoid abuse and overuse, and to actively manage discovery to accomplish the goal of Rule 1 to secure the just, speedy, and inexpensive determination of every action and proceeding. *Roberts v. Clark County School District*, 312 F.R.D. 594, 601–04 (D. Nev. 2016).

Considering the time involved in preparing for and the taking of the deposition, the Court will allow the deposition on the listed topics be taken. The Court nonetheless grants in part Defendant's Motion for Protection from its 30(b)(6) Deposition as provided herein. The Court limits Topic 5

1  regarding document retention policies to those documents that Defendant SFR believes are missing
2  from the file. Defendant SFR will identify the documents that it believes are missing in a revised
3  deposition notice. This topic is limited on the condition that Plaintiff BANA produces unprivileged
4  documents to Defendant SFR. In regard to Topic 4, the witness should be prepared to testify on this
5  topic only to the extent that there is any information in the file on the foreclosure of the first deed of
6  trust that relates to the HOA assessment lien.

7  The Court will allow Plaintiff's witness to testify from Dallas, Texas. Defendant SFR has the
8  option to take the deposition in Dallas, Texas or by video conference. The parties are not precluded,
9  however, from agreeing to conduct depositions in Nevada.

10 Plaintiff BANA argues that it is entitled to fees and costs pursuant to Rule 37(a)(5) of the
11 Federal Rules of Civil Procedure. *See Motion for Protective Order*, (ECF No. 62), pg. 16. Defendant
12 SFR argues that its position was substantially justified because of its desire to inspect the original
13 note and because it believes it was prejudiced by previous depositions conducted by video
14 conference. *See Opposition*, (ECF No. 67), pg. 20. Because reasonable minds could differ regarding
15 the location of the deposition and the relevance of the deposition topics, the Court therefore will not
16 award fees and expenses to Plaintiff BANA. *See Aevoe Corp. v. AE Tech Co., Ltd.*, 2013 WL
17 5324787, *1 (D.Nev. Sept. 20, 2013). Accordingly,

18 **IT IS HEREBY ORDERED** that Defendant SFR's Emergency Motion to Stay (ECF No. 59)
19 is **denied**.

20 **IT IS FURTHER ORDERED** that Plaintiff BANA's Emergency Motion for a Protective
21 Order from its 30(b)(6) Deposition and Motion for Sanctions (ECF No. 62) is **granted in part and**
22 **denied in part**. Plaintiff's Motion for a Protective Order from its 30(b)(6) Deposition is granted on a
23 limited basis as detailed above. Plaintiff's Motion for Sanctions is denied.

24 DATED this 1st day of December, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge