UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff(s),<br><br>v.<br><br>SONRISA HOMEOWNERS ASSOCIATION, et al.,<br><br>Defendant(s). | Case No. 2:16-CV-848 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant/counterplaintiff SFR Investments Pool 1, LLC's ("SFR") motion to reconsider. (ECF No. 43).[1]

Also before the court is SFR's motion to strike. (ECF No. 42). Plaintiff/counterdefendant Bank of America, N.A. ("BANA") filed a response (ECF No. 51), to which SFR replied (ECF No. 54).

On July 5, 2016, BANA filed a motion for demand for security of costs pursuant to NRS 18.130, alleging that SFR is a nonresident of Nevada. (ECF No. 31). On July 8, 2016, the court entered an order granting BANA's motion for demand for security costs. (ECF No. 36).

In the instant motions, SFR moves for reconsideration of the July 8th order (ECF No. 36) and for BANA's motion (ECF No. 31) to be stricken from the record. (ECF No. 43). SFR argues that NRS 18.130 does not apply because it is not a resident of Nevada, nor is it a foreign corporation. (ECF No. 43).

---

[1] SFR's motion (ECF No. 40) is a duplicate filing of SFR's motion to reconsider (ECF No. 43) and will be stricken. Similarly, SFR's reply (ECF No. 50) will also be stricken because it filed a reply where there was no response. *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (holding that district courts have inherent power to control their own dockets); *see also* LR IC 7-1 ("The court may strike documents that do not comply with these rules.").

**James C. Mahan**
**U.S. District Judge**

Federal Rule of Civil Procedure 60(b) provides that "the court may relieve a party or its legal representative from a[n] . . . order . . . for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In the instant motions, SFR argues that NRS 18.130 does not apply because it is a resident of Nevada and not a foreign corporation. (ECF No. 43 at 2).

In response, BANA contends that the citizenship of a limited liability company depends on the citizenship of all of its members. (ECF No. 51). BANA asserts that SFR's members are John Gibson, who is domiciled in South Africa, and Xiemen Investments Ltd., which is a Canada corporation. (ECF No. 51 at 5). BANA thus maintains that SFR is a resident of Canada and South Africa, not Nevada. (ECF No. 51 at 5).

The court disagrees. Residency under NRS 18.130 differs from citizenship under a diversity analysis. BANA sets forth no authority in support of its contention to the contrary, nor dose it dispute that SFR Investment Pool 1, LLC is a Nevada limited liability company.

The Ninth Circuit recognizes that "federal district courts have inherent power to require plaintiffs to post security for costs." *Simulnet E. Assocs. v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994). A federal district court typically follows the forum state's practice regarding security of costs, particularly when a party is a non-resident. *See, e.g.*, 10 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2671 (3d ed. 1998). Section 18.130 of the Nevada Revised Statutes provides that the court may require an out-of-state plaintiff to post a security for costs in an amount up to $500.00 upon request by a defendant. Nev. Rev. Stat. § 18.130.

In light of the foregoing, the court will grant SFR's motion to reconsider (ECF No. 43), as well as its motion to strike (ECF No. 42).

James C. Mahan
U.S. District Judge

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant/counterplaintiff SFR Investments Pool 1, LLC's motion to reconsider (ECF No. 43) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that SFR's motion to strike (ECF No. 42) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that BANA's motion for demand for security costs (ECF No. 31) be, and the same hereby is, STRICKEN from the record.

IT IS FURTHER ORDERED that SFR's motion to reconsider (ECF No. 40) be, and the same hereby is, STRICKEN from the record.

IT IS FURTHER ORDERED that SFR's reply (ECF No. 50) be, and the same hereby is, STRICKEN from the record.

DATED December 9, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**