UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:16-CV-848 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| SONRISA HOMEOWNERS ASSOCIATION, et al., | |
| Defendant(s). | |

Presently before the court is defendant Sonrisa Homeowners Association's (the "HOA") motion to dismiss. (ECF No. 7). Plaintiff Bank of America, N.A. ("BANA") filed a response (ECF No. 20), as did defendant/counterclaimant SFR Investments Pool 1, LLC ("SFR") (ECF No. 22), to which the HOA replied (ECF Nos. 29, 34).

Also before the court is SFR's motion to certify a question of law to the Nevada Supreme Court (ECF No. 72), in which the HOA joined (ECF No. 81). BANA filed a response (ECF No. 80), to which SFR replied (ECF No. 84).

Also before the court is SFR's countermotion to stay (ECF No. 92), as well as a stipulation for extension of time (second request) (ECF No. 90).

**I.    Facts**

This case involves a dispute over real property located at 1208 El Viento Court, Henderson, Nevada 89074 (the "property"). On April 21, 2010, Rick and Jennifer Watkins obtained a loan from First Option Mortgage in the amount of $152,192.00 to purchase the property, which was secured by a deed of trust recorded on April 28, 2010. (ECF No. 1 at 3–4).

**James C. Mahan**
**U.S. District Judge**

The deed was assigned to BANA via an assignment of deed of trust recorded on April 23, 2012.  (ECF No. 1 at 4).

On October 30, 2012, defendant Nevada Association Services, Inc. ("NAS"), acting on behalf of the HOA, recorded a notice of delinquent assessment lien, stating an amount due of $1,565.73.  (ECF No. 1 at 4).  On January 4, 2013, NAS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $2,765.43.  (ECF No. 1 at 4).

On April 18, 2013, BANA tender to NAS $1,125.00, what it calculated to be the superpriority amount—*i.e.*, the sum of nine-months of assessments.  (ECF No. 1 at 5).

On August 13, 2013, NAS recorded a notice of trustee's sale, stating an amount due of $4,443.81.  (ECF No. 1 at 4–5).  On September 6, 2013, SFR purchased the property at the foreclosure sale for $18,000.00.  (ECF No. 1 at 6).  A trustee's deed upon sale in favor of SFR was recorded on September 9, 2013.  (ECF No. 1 at 6).

On April 14, 2016, BANA filed the underlying complaint, alleging four causes of action: (1) quiet title/declaratory judgment against SFR and the HOA; (2) breach of NRS 116.1113 against NAS and the HOA; (3) wrongful foreclosure against NAS and the HOA; and (4) injunctive relief against SFR.  (ECF No. 1).

In the instant motions, the HOA moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 7) and SFR moves to certify a question of law to the Nevada Supreme Court (ECF No. 72), as well as to stay the proceedings (ECF No. 92).  The court will address each in turn.

**II.     Legal Standard**

    **A.  Motion to Dismiss**

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed

**James C. Mahan**
**U.S. District Judge**

- 2 -

factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

"Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

**B. Certify Question of Law to the Nevada Supreme Court**

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    The Nevada Rules of Appellate Procedure provide that the Supreme Court of Nevada has the power to answer "questions of [state] law . . . which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of [Nevada]."  Nev. R. App. P. 5(a).

The Nevada Supreme Court "may answer questions of law certified [] by a federal court when (1) [the] answers to the certified questions may be determinative of part of the federal case, (2) there is no clearly controlling Nevada precedent, and (3) the answers to the certified questions will help settle important questions of law.  *See, e.g.*, *Hartford Fire Ins. Co. v. Tr. of Const. Indus.*, 208 P.3d 884, 888 (Nev. 2009).

Where the question does not impact the merits of a claim pending before the certifying court, the question should not be certified to the Supreme Court.  *See* Nev. R. App. P. 5(a) (requiring that certified question be "determinative"); *see also Volvo Cars of N. Am., Inc. v. Ricci*, 137 P.2d 1161, 1164 (Nev. 2006) (declining to answer certified questions where "answers to the questions posed [] would not 'be determinative' of any part of the case").  "The certification procedure is reserved for state law questions that present significant issues, including those with important public policy ramifications, and that have not yet been resolved by the state courts."  *Kremen v. Cohen*, 325 F.3d 1035, 1037 (9th Cir. 2003).

Federal courts have discretion to certify questions of state law.  *Lehman Bros. v. Schein*, 416 U.S. 386, 391 (1974).  "Resort to certification is not mandatory where state law is unclear on a particular issue."  *Carolina Cas. Ins. Co. v. McGhan*, 572 F. Supp. 2d 1222, 1225 (D. Nev. 2008) (citing *Lehman Bros.*, 416 U.S. at 390–91).  Generally, "[w]hen a decision turns on applicable state law and the state's highest court has not adjudicated the issue, a federal court must make a reasonable determination of the result the highest state court would reach if it were deciding the case."  *Aetna Cas. & Sur. Co. v. Sheft*, 989 F.2d 1105, 1108 (9th Cir. 1993).

Further, a federal court may decline to certify a question where controlling precedent is available for guidance.  *Slayman v. FedEx Ground Package Sys., Inc.*, 765 F.3d 1033, 1041 (9th Cir. 2014); *see also Kehoe v. Aurora Loan Servs., LLC*, No. 3:10-cv-256-RCJ-RAM; 2010 WL

**James C. Mahan**
**U.S. District Judge**

- 4 -

4286331, at *11 (D. Nev. Oct. 20, 2010) (declining to certify question to Nevada Supreme Court where statutory language was sufficiently clear for the court to apply).

Finally, a party must show "particularly compelling reasons" for certification when that party first requests it after losing on an issue. *Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984) ("Ordinarily such a movant should not be allowed a second chance at victory when, as here, the district court employed a reasonable interpretation of state law.").

### III. Discussion

#### A. Motion to Dismiss

In its motion, the HOA argues that the complaint must be dismissed for BANA's failure to comply with NRS 38.310 by failing to first submit its claims to mediation before the Real Estate Division of the Nevada Department of Business and Industry ("NRED"). (ECF No. 7 at 5–6). Section 38.310 provides in relevant part:

> No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation.

Nev. Rev. Stat. § 38.310(1). Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2).

The HOA contends that NRS 38.310 divests this court of subject matter jurisdiction over the case. (ECF No. 7). In response, BANA correctly argues that NRS 38.310 cannot affect the court's subject matter jurisdiction. (ECF No. 20).

More specifically, NRS 38.310 is an exhaustion statute that creates prerequisites for filing certain state-law claims, not a jurisdictional statute. *See, e.g.*, *Carrington Mortg. Servs., LLC, v. Absolute Bus. Sols., LLC*, No. 2:15–cv–01862–JAD–PAL, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016). Thus, subject matter jurisdiction is determined pursuant to title 28 U.S.C. § 1332, under which this court has diversity jurisdiction as the parties are diverse and the amount in controversy exceeds $75,000.00.

James C. Mahan
U.S. District Judge

- 5 -

Next, BANA argues that NRS 38.300 *et seq.* is inapplicable to the instant action because it submitted a demand for mediation on October 29, 2015.  (ECF Nos. 1 at 3; 20).  BANA maintains that it constructively exhausted its administrative remedies because NRED failed to schedule mediation within the time period required by NRS 38.330(1).  (ECF Nos. 1 at 3; 20).  The court disagrees and BANA fails to cite any authority in support of its argument.

Subsection (1) of NRS 38.330 states that "[u]nless otherwise provided by an agreement of the parties, mediation must be completed within 60 days after the filing of the written claim." Nev. Rev. Stat. § 38.330(1).  However, nothing in NRS 38.330 provides that NRED's failure to appoint a mediator within 60 days constitutes exhaustion.  While BANA has submitted a request for mediation, the parties have not participated in mediation.  Thus, BANA has not exhausted its administrative remedies and must mediate certain claims prior to initiating an action in court.

Further, NRS 38.350 expressly tolls the statute of limitations applicable to BANA's claims that are subject to mediation under NRS 38.310.  Specifically, NRS 38.350 provides that "[a]ny statute of limitations applicable to a claim described in NRS 38.310 is tolled from the time the claim is submitted to mediation . . . until the conclusion of mediation . . . of the claim and the period for vacating the award has expired." Nev. Rev. Stat. § 38.350.  Therefore, BANA's claims are not prejudiced by the statute's requirement that the parties participate in mediation prior to initiating an action in court.

### 1.  *Quiet Title/Declaratory Relief* (claim 1)

A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013).  In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit.  *Id.* at 557.  The court held that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310.  *Id.* at 559.

**James C. Mahan**
**U.S. District Judge**

- 6 -

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

Here, BANA seeks both to quiet title and declaratory relief regarding its rights to the property. Accordingly, this claim is exempt from the mediation requirement of NRS 38.310, and the HOA's motion to dismiss will be denied as to this claim.

### 2. Breach of NRS 116.1113 (claim 2); Wrongful Foreclosure (claim 3); & Injunctive Relief (claim 4)

BANA alleges that the HOA and NAS breached their duty of good faith by failing to comply with their obligations under the CC&Rs. (ECF No. 1). BANA further alleges that the foreclosure conducted by the HOA and NAS was wrongful. (ECF No. 1).

"A wrongful foreclosure claim challenges the authority behind the foreclosure, not the foreclosure act itself." *McKnight Family, L.L.P.*, 310 P.3d at 559 (citing *Collins v. Union Fed. Sav. & Loan*, 662 P.2d 610, 623 (Nev. 1983)). "The material issue in a wrongful foreclosure claim is whether 'the trustor was in default when the power of sale was exercised.'" *Turbay v. Bank of Am., N.A.*, No. 2:12–CV–1367–JCM–PAL; 2013 WL 1145212, at *4 (quoting *Collins*, 662 P.2d at 623). "Deciding a wrongful foreclosure claim against a homeowners' association involves interpreting covenants, conditions or restrictions applicable to residential property." *McKnight Family, L.L.P.*, 310 P.3d at 559. "This type of interpretation falls under NRS 38.310." *Id.* Additionally, NRS 38.310 applies to laws "contain[ing] conditions and restrictions applicable to residential property." *Id.* at 558.

Consequently, BANA must first submit these claims to mediation before proceeding with a civil action. *See e.g.*, *U.S. Bank, N.A. v. Woodchase Condo. Homeowners Ass'n*, No. 215CV01153APGGWF, 2016 WL 1734085, at *2 (D. Nev. May 2, 2016); *Saticoy Bay, LLC Series 1702 Empire Mine v. Fed. Nat'l Mortgage Ass'n*, No. 214-cv-01975-KJD-NJK, 2015 WL 5709484, at *4 (D. Nev. Sept. 29, 2015). Therefore, BANA's claims for breach of good faith and wrongful foreclosure will be dismissed without prejudice.

**James C. Mahan**
**U.S. District Judge**

- 7 -

As to BANA's fourth cause of action for injunctive relief, the court follows the well-settled rule in that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g.*, *In re Wal–Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) (finding that "injunctive relief is a remedy, not an independent cause of action"); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for injunctive relief by itself does not state a cause of action."). Injunctive relief may be available if BANA is entitled to such a remedy on an independent cause of action. BANA's claim for injunctive relief will therefore dismissed.

Accordingly, the court will grant the HOA's motion to dismiss as to these claims without prejudice, and BANA's claims for breach of NRS 116.1113, wrongful foreclosure, and injunctive relief will be dismissed without prejudice.

**B.  Motion to Certify** (ECF No. 72)

SFR and the HOA requests that the court certify the following question to the Nevada Supreme Court: "Whether NRS § 116.31168(1)'s incorporation of NRS § 107.090 requires homeowners' associations to provide notices of default to banks even when a bank does not request notice?" (ECF Nos. 72, 81).

The court declines to certify this question as controlling precedent is available for guidance. The Ninth Circuit, in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016)—which SFR cites to in its motion—expressly answered this exact question in the negative. More specifically, the Ninth Circuit held, in relevant part, as follows:

> Bourne Valley argues that Nevada Revised Statute section 116.31168(1), which incorporated section 107.090, mandated actual notice to mortgage lenders whose rights are subordinate to a homeowners' association super priority lien. . . . According to Bourne Valley, this incorporation of section 107.090 means that foreclosing homeowners' associations were required to provide notice to mortgage lenders even absent a request.
> . . . .
> If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless. We reject Bourne Valley's argument.

*Bourne Valley Court Trust*, 832 F.3d at 1159.

**James C. Mahan**
**U.S. District Judge**

- 8 -

Accordingly, the court will deny SFR's motion to certify this question to the Nevada Supreme Court.

**C. Motion to Stay** (ECF No. 92) **& Stipulation** (ECF No. 90)

### *1. Stay*

SFR moves to stay litigation, arguing that *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a division of Wells Fargo, N.A.*, 33 Nev. Adv. Op. 5, --- P.3d ----, 2017 WL 398426 (Nev. Jan. 26, 2017), creates a split on the constitutionality issue between state and federal courts. (ECF No. 92).

However, "[i]t is well established that a state court's interpretation of its statutes is binding on the federal courts ***unless a state law is inconsistent with the federal Constitution***." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1012 (9th Cir. 2004) (citing *Adderley v. Florida*, 385 U.S. 39, 46 (1966)) (emphasis added). Here, the state statute at issue is inconsistent with the due process clause of the federal Constitution.

Accordingly, SFR's motion to stay will be denied.

### *2. Stipulation*

The court granted the parties' first stipulation (ECF No. 86) to extend SFR's dispositive motion deadline until 60 days after the order was entered on BANA's motion for protection. (ECF No. 93). The court entered that order on BANA's motion for protection on December 1, 2016, extending SFR's deadline to January 30, 2017. (ECF No. 79).

The parties now seek to stay all issues except as relevant to the effect of the Ninth Circuit's holding in *Bourne Valley Court Trust*. (ECF No. 90).

In light of the foregoing—*i.e.*, that only BANA's quiet title claim remains—and the fact that the parties set forth no grounds in support of their request, the court will deny the parties' stipulation (second request) (ECF No. 90).

. . .

. . .

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 9 -

1  IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the HOA's motion to dismiss (ECF No. 7) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

IT IS FURTHER ORDERED that SFR's motion to certify (ECF No. 72) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that SFR's motion to stay (ECF No. 92) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that the parties' stipulation (second request) (ECF No. 90) be, and the same hereby is, DENIED.

DATED February 15, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**