UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BANK OF AMERICA, N.A.,

    Plaintiff(s),

v.

SONRISA HOMEOWNERS ASSOCIATION, et al.,

    Defendant(s).

Case No. 2:16-CV-848 JCM (GWF)

ORDER

Presently before the court is plaintiff Bank of America, N.A.'s ("BANA") motion for summary judgment. (ECF No. 58).[1]

Also before the court is defendant/counterclaimant SFR Investments Pool 1, LLC's ("SFR") motion for partial summary judgment. (ECF No. 85). BANA filed a response (ECF No. 88), to which SFR replied (ECF No. 89).

Also before the court is BANA's counter motion for summary judgment. (ECF No. 87). SFR filed a response (ECF No. 91), to which BANA replied (ECF No. 94).

## I. Facts

This case involves a dispute over real property located at 1208 El Viento Court, Henderson, Nevada 89074 (the "property"). On April 21, 2010, Rick and Jennifer Watkins obtained a loan from First Option Mortgage in the amount of $152,192.00 to purchase the property, which was secured by a deed of trust recorded on April 28, 2010. (ECF No. 1 at 3–4).

---

[1] As an initial matter, the court will deny, as moot, BANA's motion for summary judgment (ECF No. 58) in light of BANA's later-filed motion for summary judgment (ECF No. 87).

**James C. Mahan**
**U.S. District Judge**

The deed was assigned to BANA via an assignment of deed of trust recorded on April 23, 2012. (ECF No. 1 at 4).

On October 30, 2012, defendant Nevada Association Services, Inc. ("NAS"), acting on behalf of defendant Sonrisa Homeowners Association (the "HOA"), recorded a notice of delinquent assessment lien, stating an amount due of $1,565.73. (ECF No. 1 at 4). On January 4, 2013, NAS recorded a notice of default and election to sell to satisfy the delinquent assessment lien, stating an amount due of $2,765.43. (ECF No. 1 at 4).

On April 18, 2013, BANA tendered to NAS $1,125.00, what it calculated to be the superpriority amount—*i.e.*, the sum of nine-months of assessments. (ECF No. 1 at 5).

On August 13, 2013, NAS recorded a notice of trustee's sale, stating an amount due of $4,443.81. (ECF No. 1 at 4–5). On September 6, 2013, SFR purchased the property at the foreclosure sale for $18,000.00. (ECF No. 1 at 6). A trustee's deed upon sale in favor of SFR was recorded on September 9, 2013. (ECF No. 1 at 6).

On April 14, 2016, BANA filed the underlying complaint, alleging four causes of action: (1) quiet title/declaratory judgment against SFR and the HOA; (2) breach of NRS 116.1113 against NAS and the HOA; (3) wrongful foreclosure against NAS and the HOA; and (4) injunctive relief against SFR. (ECF No. 1).

On February 15, 2017, the court dismissed claims (2) through (4) of BANA's complaint. (ECF No. 95).

In the instant motions, SFR moves for partial summary judgment on an issue of law (ECF No. 85), and BANA moves for summary judgment (ECF No. 87). The court will address each as it sees fit.

**II.     Legal Standard**

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is

"to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. Discussion

#### A. Motion for Partial Summary Judgment

In its motion, SFR moves for an order that "post-*Bourne Valley* [*Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016) ("*Bourne Valley*")], under the Return Doctrine, NRS Chapter 116's 'notice scheme' 'returns' to its 1991 version." (ECF No. 85).[2]

In essence, SFR requests that this court issue an advisory opinion, which Article III prohibits. *See, e.g.*, *Calderon v. Ashmus*, 523 U.S. 740, 745–46 (1998). Specifically, the United States Supreme Court has held, in relevant part, as follows:

> [T]he Article III prohibition against advisory opinions reflects the complementary constitutional considerations expressed by the justiciability doctrine: Federal judicial power is limited to those disputes which confine federal courts to a rule consistent with a system of separated powers and which are traditionally thought to be capable of resolution through the judicial process.

*Flast v. Cohen*, 392 U.S. 83, 97 (1968).

Accordingly, the court will deny SFR's motion for partial summary judgment (ECF No. 85).

---

[2] The "return doctrine" provides that an unconstitutional statute is no law and the previous constitutional version of the law is revived when it is struck down. *See, e.g.*, *We the People Nev. ex rel. Angle v. Miller*, 192 P.3d 1166, 1176 (Nev. 2008).

**B. Motion for Summary Judgment**

In its motion, BANA moves for summary judgment in its favor. (ECF No. 87). In particular, BANA argues that pursuant to *Bourne Valley*, the "court must grant BANA judgment the HOA's foreclosure sale did not extinguish BANA's deed of trust." (ECF No. 87 at 2). Citing to a First Circuit case, BANA further contends that actual notice is irrelevant. (ECF No. 87 at 5–6).

The court disagrees. In *Bourne Valley*, the Ninth Circuit held that NRS 116.3116's "opt-in" notice scheme, which required a HOA to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated mortgage lenders' constitutional due process rights. *Bourne Valley*, 832 F.3d at 1157–58. The facially unconstitutional provision, as identified in *Bourne Valley*, exists in NRS 116.31163(2). *See id.* at 1158. At issue is the "opt-in" provision that unconstitutionally shifts the notice burden to holders of the property interest at risk. *See id.*

To state a procedural due process claim, a claimant must allege "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). BANA has satisfied the first element as a deed of trust is a property interest under Nevada law. *See* Nev. Rev. Stat. § 107.020 *et seq.*; *see also Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 (1983) (stating that "a mortgagee possesses a substantial property interest that is significantly affected by a tax sale"). However, BANA fails on the second prong.

Despite BANA's assertion to the contrary, due process does not require actual notice. *See, e.g.*, *Jones v. Flowers*, 547 U.S. 220, 226 (2006). Rather, it requires notice "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see also Bourne Valley*, 832 F.3d at 1158.

Here, adequate notice was given to the interested parties, namely BANA, prior to extinguishing a property right. In fact, BANA received actual notice of the trustee's sale. Specifically, NAS sent BANA (by certified mail) a copy of the notice of trustee's sale. (ECF No.

James C. Mahan
U.S. District Judge

- 5 -

91-3 at 92). As a result, the notice of trustee's sale was sufficient notice to cure any constitutional defect inherent in NRS 116.31163(2) as it put BANA on notice that its interest was subject to pendency of action and offered all of the required information.

Accordingly, the court will deny BANA's motion for summary judgment (ECF No. 87).

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for summary judgment (ECF No. 58) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that SFR's motion for partial summary judgment (ECF No. 85) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that BANA's motion for summary judgment (ECF No. 87) be, and the same hereby is, DENIED.

DATED June 22, 2017.

_____
UNITED STATES DISTRICT JUDGE