UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BANK OF AMERICA, N.A.,

Plaintiff(s),

v.

SONRISA HOMEOWNERS ASSOCIATION, et al.,

Defendant(s).

Case No. 2:16-CV-848 JCM (GWF)

ORDER

Presently before the court is plaintiff Bank of America, N.A.'s ("BANA") motion for reconsideration. (ECF No. 132). Defendants Sonrisa Homeowners' Association ("Sonrisa") and SFR Investments Pool 1, LLC ("SFR") filed separate responses (ECF Nos. 133, 134), to which BANA replied (ECF No. 135).

Also before the court is BANA's motion to file supplemental authorities in support of its motion for reconsideration. (ECF No. 136). Defendants have not filed a response and the time to do so has passed.

Also before the court is BANA's amended motion to file supplemental authorities in support of its motion for reconsideration. (ECF No. 137). SFR filed a response. (ECF No. 138). BANA did not file a reply and the time to do so has passed.

I.      Facts

This action arises from a dispute over real property located at 1208 El Viento Court, Henderson, Nevada 89074 ("the property"). (ECF No. 1).

Rick and Jennifer Watkins ("the Watkins") purchased the property on April 21, 2010. (ECF No. 115-1). The Watkins financed the purchase with a loan in the amount of $152,192.00

from First Option Mortgage ("First Option"). *Id*. First Option secured the loan with a deed of trust, which names First Option as the lender, Ticor Title of Nevada as the trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary as nominee for the lender and lender's successors and assigns. *Id*. On April 23, 2012, BANA acquired all beneficial interest in the deed of trust via an assignment, which BANA recorded with the Clark County recorder's office. (ECF No. 115-3).

On October 30, 2012, Sonrisa, through its agent defendant Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien ("the lien") against the property for the Watkins' failure to pay Sonrisa in the amount of $1,565.73. (ECF No. 115-4). On January 4, 2013, Sonrisa recorded a notice of default and election to sell pursuant to the lien, stating that the amount due was $2,765.43 as of January 1, 2013. (ECF No. 115-5).

In an attempt to exercise its right of redemption, BANA requested from Sonrisa the superpriority amount of the lien. (ECF No. 115-7). Sonrisa did not reply to BANA's request. *Id*. BANA, thereby, used a payoff ledger for a different property in the same development to calculate the superpriority amount as $1,125.00, the sum of nine months of assessments. *Id*. On April 18, 2013, BANA sent a letter and a check in that amount to Sonrisa. *Id*. The letter explained that the check was the sum of nine months of common assessments and intended to pay off the superpriority portion of the lien. *Id*. Sonrisa rejected the check without explanation. *See id*.

On August 13, 2013, Sonrisa recorded a notice of foreclosure sale against the property. (ECF No. 58-6). On September 6, 2013, Sonrisa sold the property in a nonjudicial foreclosure sale to SFR in exchange for $18,000. (ECF No. 115-8). On September 9, 2013, SFR recorded the deed of foreclosure with the Clark County recorder's office. *Id*.

On April 14, 2016, BANA filed a complaint, alleging four causes of action: (1) quiet title/declaratory relief against SFR and Sonrisa; (2) breach of NRS 116.1113 against Sonrisa and NAS; (3) wrongful foreclosure against Sonrisa and NAS; and (4) injunctive relief against SFR. (ECF No. 1). On July 17, 2018, the court granted Sonrisa and SFR's motions for summary judgment (ECF Nos. 116, 117), holding in part that BANA's attempted tender was insufficient to extinguish the superpriority lien. (ECF No. 129).

On September 13, 2018, the Nevada Supreme Court issued a ruling clarifying how courts should apply NRS 116.3116 *et seq.* ("Chapter 116")—the statute that Sonrisa relied on when it foreclosed on the property. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) (*Bank of America*). In light of this intervening change in controlling law, the court now reconsiders its prior order pursuant to BANA's motion for reconsideration (ECF No. 132).

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III. Discussion

As a preliminary matter, the court will grant BANA motions to file supplemental authorities (ECF Nos. 172, 174) pursuant to Local Rule 7-2(g) as the materials therein include new mandatory authority on the application of Chapter 116.

BANA argues that, in light of the Nevada Supreme Court's recent holding in *Bank of America*, BANA tendered the superpriority portion of the lien and prevented the foreclosure sale from extinguishing the deed of trust. (ECF Nos. 132, 137). The court agrees.

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See*

Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . .").  The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments."  *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) (*Bank of America*). Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement."  *Id*. at 118.

As in *Bank of America*, Sonrisa has not indicated that the property had any charges for maintenance or nuisance abatement.  *See Bank of America*, 427 P.3d at 118.  Thus, when BANA sent a check for nine months of assessments to Sonrisa, it properly tendered the superpriority portion of the lien.  *See* (ECF No. 59-7).  Indeed, it makes no difference that BANA relied on a ledger from a different property subject to the same HOA common assessments to calculate the amount of the superpriority portion of the lien, as BANA tendered an amount that undisputedly represented nine months of assessments.  *See Bank of America*, 427 P.3d at 118; s*ee also Tyrone & In-Ching, LLC v. U.S. Bank, N.A.*, 430 P.3d 533 (Nev. 2018); *see also NV Eagles, LLC v. Christiana Trust*, 429 P.3d 1254 (Nev. 2018).

Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust.  *See Bank of America*, 427 P.3d at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust").

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that BANA's motion for reconsideration (ECF No. 132) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that BANA's motion to file supplemental authorities (ECF No. 136) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that BANA's amended motion to file supplemental authorities (ECF No. 137) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the court order filed on July 17, 2017, (ECF No. 129) be, and the same hereby is, VACATED.

The clerk shall enter judgment accordingly.

DATED January 15, 2019.

_____
UNITED STATES DISTRICT JUDGE